IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| LIFE IN CHRIST FELLOWSHIP<br>OF ABILENE,<br>    *Plaintiff,*<br><br>v.<br><br>ALLIED PROPERTY AND CASUALTY<br>INSURANCE COMPANY and<br>JAMES EDWARDS, III,<br>    *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 1:17-cv-00117 |

## NOTICE OF REMOVAL

Defendant Allied Property and Casualty Insurance Company ("Allied"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the Texas state court action captioned Cause No. 49739-A, *Life in Christ Fellowship of Abilene v. Allied Property and Casualty Insurance Company and James Edwards, III;* In the 42nd Judicial District, Taylor County, Texas. In support of this Notice of Removal, Allied respectfully shows the following:

## I.
## INTRODUCTION

1. This lawsuit arises out an insurance claim for hail damage to a commercial property owned by Plaintiff Life in Christ Fellowship of Abilene in Abilene, Texas. Under application of federal pleading standards the allegations asserted against Defendant James Edwards, III ("Edwards"), the sole non-diverse defendant, fail to state a cause of action under Texas law. Defendant therefore removes this action pursuant to 28 U.S.C. § 1332 as complete diversity exists between the proper parties.

1

## II.
## BACKGROUND

2. Plaintiff Life in Christ Fellowship of Abilene owns the commercial property at issue in this lawsuit, which is also located in Taylor County, Texas.[1] Allied issued a Commercial Property Policy No. ACP CPPP 7244249418 (the "Policy") to Life In Christ Fellowship Inc. - DBA Bethel Temple Christian Center, which generally covers the commercial buildings located at 3101 N. 12th Street in Abilene, Texas 79603-4734 (the "Property").[2]

3. Plaintiff made an insurance claim for alleged damage to the Property from a weather event that occurred in or about June 2014, the adjustment of which gives rise to this action.[3] Plaintiff initiated the present action by filing its Original Petition in the 42nd Judicial District, Taylor County, Texas on May 31, 2017.[4] Defendants filed their Original Answers on in July 2017, each asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[5]

4. Plaintiff alleges that Edwards is a resident of the State of Texas and an Allied employee who was assigned to assist with the adjusting of Plaintiff's insurance claim.[6] Plaintiff alleges that "Edwards was not diligent in the handling and resolution of Plaintiff's insurance claim, failed to timely and reasonably investigate Plaintiff's insurance claim, failed to fairly and accurately adjust Plaintiff's insurance claim, and misrepresented pertinent facts and Policy

---

[1] *See* **Exhibit A**, Plaintiff's Original Petition with citation at ¶¶ II and VI(B).

[2] *Id.* at ¶ VI(A).

[3] *Id.* at ¶ VI(E).

[4] *See id.*

[5] *See* **Exhibit B,** Defendant Allied Property and Casualty Insurance Company's Original Answer; **Exhibit C**, Defendant James Edwards, III's Original Answer.

[6] *See* **Exhibit A** at ¶¶ II and VI(F).

provisions."[7] As a result of this alleged conduct, Plaintiff claims that Edwards and Allied "improperly denied full coverage and payment for the entire covered loss."[8] Plaintiff alleges that Edwards' misrepresentations of the damage to the Property caused Allied to underpay Plaintiff's insurance claim nearly two months after Plaintiff submitted the claim.[9]

5.  Plaintiff invoked the appraisal provision of the Policy, and in March 2017, the umpire issued an appraisal award.[10] On or about April 10, 2017, Allied paid the covered portion of the appraisal award.[11]

6.  The above paragraphs contain the core allegations asserted against Edwards, although numerous other conclusory statements are made in the pleading. Based upon these alleged facts, Plaintiff has asserted the following causes of action against Edwards: violations of the Texas Deceptive Trade Practices Act ("DTPA"), including §§ 17.46(b)(2), (5), (7), (12) and (19) and §§ 17.50(a)(2), (3), and (4); and violations of Texas Insurance Code §§ 541.001, et seq., 541.060, 541.051(1)(B), and 541.060(a)(1), (2), (3), (4) and (7).[12] Plaintiff's causes of action against Edwards incorporate the prior factual allegations, but track the statutory language of cited statutory provisions.[13] Allied does not admit the underlying facts as alleged by Plaintiff and expressly denies any liability.

7.  Under application of federal pleading standards, the sparse factual allegations against Edwards fail to state a cause of action under Texas law. Edwards is therefore improperly joined, and his citizenship may be disregarded for the purpose of establishing diversity

---

[7]  *Id.* at ¶ VI(G).
[8]  *Id.*
[9]  *Id.* at ¶¶ VI(K) and (N).
[10] *Id.* at ¶¶ VI(L)-(M).
[11] *Id.*
[12] *Id.* at ¶¶ VII(C) – (D).
[13] *Id.*

jurisdiction. Moreover, Plaintiff's causes of action against Edwards fail because they are barred by statute of limitations, as Edwards' involvement in this claim ended in 2014. This action is therefore removable pursuant to 28 U.S.C. § 1332 as complete diversity exists between the proper parties.

8.   This Notice of Removal is filed within 30 days of service of Plaintiff's Original Petition on Defendants, and is therefore timely under 28 USC § 1446.

9.   Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Allied will give written notice of the removal to Plaintiff through his attorney of record, and to the clerk of the 42nd Judicial District of Taylor County, Texas.

10.   Pursuant to 28 USC § 1446(a), all process, pleadings, and orders in the State Court Action served on Defendant and not otherwise specifically identified as separate exhibits have been incorporated in **Exhibit A**.

11.   While consent to removal is not required from improperly or fraudulently joined parties, Edwards consents to removal of this action. [14]

### III.
### JURISDICTION

12.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

---

[14]   *See* Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 2003).

**A.     Diversity of Parties**

13.    Plaintiff Life in Christ Fellowship of Abilene is a nonprofit corporation is organized under the laws of Texas and maintains its principal place of business in the State of Texas. Pursuant to 28 U.S.C. § 1332(c)(1), Plaintiff is a citizen of the State of Texas.

14.    Allied Property and Casualty Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Columbus, Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Defendant is a citizen of the State of Ohio. Complete diversity exists with respect to Plaintiff and Defendant.

15.    Edwards is a citizen of the State of Texas; however, Edwards' citizenship should be disregarded as he has been improperly joined to this action.

**B.     Improper Joinder of Edwards**

16.    A defendant is improperly joined if the moving party establishes that: (1) the plaintiff has stated a claim against a diverse defendant that he fraudulently alleges is non-diverse, or (2) the plaintiff has not stated a claim against a defendant that he properly alleges is nondiverse.[15] Because Edwards is non-diverse, only the latter option is relevant.

17.    A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against" the non-diverse defendant.[16] Courts may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim" against the non-diverse defendant.[17] Under such analysis, the critical question is whether the allegations of Plaintiff's Original Petition "contain sufficient factual matter, accepted as true, to state a claim to

---

[15]    *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

[16]    *Id.* at 200 (citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[17]    *Id.*

relief" under Texas law.[18] In undertaking its decision, courts are to apply federal pleading standards to the asserted state court claim.[19] A plaintiff's obligation to provide the "grounds" for "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.[20] Put simply; the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[21] In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.[22] When the allegations that Texas DTPA and Insurance Code claims are based upon allegations or causes of action involving misrepresentation, the fraud pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure apply.[23]

18. Plaintiff asserted causes of action against Edwards under the Texas DTPA and Texas Insurance Code.[24] In doing so, Plaintiff employed form allegations which are not substantively tailored to the facts of this case. Those form allegations fail to describe with particularity the circumstances constituting fraud or misrepresentation, and fail to plead enough facts to state a claim to relief that is plausible on its face. Under the 12(b)(6)-type analysis of *Smallwood* and the application of Federal pleadings standards, Plaintiff failed to assert a claim to relief under Texas law against Edwards. As such, Edwards has been improperly joined to this action and there is complete diversity of citizenship between the properly joined parties.

---

[18] *See Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (internal citations omitted).

[19] *See Int'l Energy Ventures Mgmt., L.L.C.*, 818 F.3d at 200-08.

[20] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[21] *Id.* at 570.

[22] *See* Fed. R. Civ. P. 9(b)

[23] *See Encompass Office Sols., Inc. v. Ingenix, Inc.*, 775 F. Supp. 2d 938, 965 (E.D. Tex. 2011); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).

[24] *See* **Exhibit A** at ¶¶ VII(C) – (D).

19. Moreover, Plaintiff's claims against Edwards are not plausible because Plaintiff's claims are barred by the affirmative defense of statute of limitations, which Edwards has pled.[25] Claims under the Texas DTPA and the Texas Insurance Code have a two-year statute of limitations.[26] In Plaintiff's Original Petition, Plaintiff alleges that Edwards last involvement in the insurance claim was nearly two months after Plaintiff submitted the claim, which occurred in 2014.[27] As more than two years has passed since Edwards' involvement in Plaintiff's insurance claim, Plaintiff's causes of action against Edwards are barred by statute of limitations. Accordingly, Edwards has been improperly joined because Plaintiff has no plausible right to relief against Edwards. Therefore, Edwards' citizenship should be disregarded as he is not a properly joined party.

**C.   Amount in Controversy**

20. Plaintiff's Original Petition states that Plaintiff "seeks monetary relief over $200,000 but not more than $1,000,000."[28] Plaintiff further seeks compensation for actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and exemplary damages.[29] Plaintiff has alleged that Defendant's conduct was wrongful and done knowingly, entitling it to additional damages under Texas Insurance Code Chapter 541 and the DTPA § 17.50(b)(1).[30] Penalties, exemplary damages, and attorneys' fees

---

[25]   *See* **Exhibit D**, Defendant James Edwards, III's First Amended Answer.

[26]   *See* Tex. Civ. Prac. & Rem. Code § 16.003(a); Tex. Ins. Code § 541.162; Tex. Bus. & Comm. Code § 17.565; *see also De Jongh v. State Farm Lloyd's*, 664 Fed. Appx. 405 (5th Cir. 2016) (applying two-year statute of limitations to violations of the Texas Insurance Code); *Peacock v. AARP, Inc.*, 181 F. Supp. 3d 430, 437 (S.D. Tex. 2016) (applying two-year statute of limitations to DTPA claims).

[27]   *See* **Exhibit A** at ¶ VI(K).

[28]   *Id.* at ¶ I.

[29]   *Id.* at ¶¶ IX-XII.

[30]   *Id.* at ¶ X.

7

are included as part of the amount in controversy.[31] The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

## IV.
## CONCLUSION

21.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000 exclusive of interest and costs, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

WHEREFORE, Defendant Allied Property and Casualty Insurance Company hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Lauren L. Burgess
Texas Bar No. 24082751
lburgess@smsm.com
Segal McCambridge Singer and Mahoney
100 Congress Ave., Suite 800
Austin, Texas 78701
Telephone: (512) 476-7834
Facsimile: (512) 476-7832

**ATTORNEYS FOR DEFENDANT
ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY**

---

[31]   *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

**CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the foregoing instrument has been served via ECF and certified mail, return receipt requested on this the 31st day of July, 2017 to:

William N. Allan, IV           *__9414 7266 9904 2061 9262 25__*
Allan, Nava, Glander & Holland PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
serveone@ANGlawfirm.com

           *__/s/ Patrick M. Kemp__*
           Patrick M. Kemp